UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUSAN BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:13-CV-00363-LRH-WGC |
| v. ) | |
| ) | |
| ARVATO DIGITAL SERVICES, LLC, ) | ORDER |
| ) | |
| Defendants. ) | |

Before the Court is Defendant Arvato Digital Services, LLC's ("Arvato") Motion to Dismiss. Doc. #5.[1] Plaintiff Susan Bailey ("Bailey") filed a Response (Doc. #9), to which Arvato replied (Doc. #10).

**I. Facts and Procedural History**

This is an employment dispute in which Bailey alleges that Arvato denied her request for reasonable accommodation, discriminated against her because of her alleged disability, and discharged her in retaliation for requesting an accommodation, all in violation of the Americans with Disabilities Act of 1990 ("ADA"). *See* Doc. #1, ¶¶ 2-11. Bailey was discharged on August 4, 2011. *See* Doc. #5, Ex. 1.[2] She filed a charge of discrimination with the Equal Employment

---

[1] Refers to the Court's docket number.

[2] The Court shall consider Exhibit 1 to Arvato's Motion to Dismiss as the information contained therein is referred to in Bailey's claim (i.e., that she was terminated), it is central to Bailey's

Opportunity Commission ("EEOC") on September 30, 2012. *See id.* Thereafter, on July 6, 2013, she commenced this action. Doc. #1.

**II.    Legal Standard**

Arvato seeks dismissal of Bailey's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

---

claim, and Bailey does not contest its authenticity. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (while the scope of review on a motion to dismiss is generally limited to the complaint, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions [its] authenticity").

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

## III.   Discussion

A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to maintaining an ADA action. *See* 42 U.S.C. § 12117(a) (incorporating the enforcement procedures set forth in 42 U.S.C. § 2000e-5); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). As Arvato correctly avers, while "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," it is a statutory requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-95 (1982). Because the Nevada Equal Rights Commission ("NERC") has the authority to enforce state law that prohibits employment discrimination on the same basis, an employee must file a charge of discrimination with the EEOC within 300 days of the alleged employment action.[3] *Morgan*, 536 U.S. at 109; 42 U.S.C. § 2000e-5(e)(1); Nev. Rev. Stat. 613.310 *et. seq.*

Nevertheless, because filing a timely charge of discrimination with the EEOC is a requirement like a statute of limitations, it is subject to waiver, estoppel, and equitable tolling.

---

[3] The Court assumes for purposes of this Order that Bailey also filed a charge of discrimination with the NERC, thereby entitling her to the 300-day filing period. In the event Bailey did not file a charge of discrimination with the NERC, she is only entitled to a 180-day filing period. *See Morgan*, 536 U.S. at 109.

3

1  *Zipes*, 455 U.S. at 393.  Equitable tolling is available if, despite all due diligence, a plaintiff is
2  unable to obtain vital information bearing on the existence of his claim.  *See Holmberg v.*
3  *Armbrecht*, 327 U.S. 392, 397 (1946).  Still, it is incumbent upon the plaintiff to allege facts that
4  would give rise to equitable tolling.  *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993)
5  (plaintiff bears the burden of alleging facts which give rise to tolling and this burden "does not arise
6  only after a motion to dismiss; rather the plaintiff 'must plead with particularity the circumstances'"
7  giving rise to equitable tolling *in the complaint*) (quoting *Rutledge v. Boston Woven Hose &*
8  *Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978)).

9       Here, not only does Bailey fail entirely to allege that she exhausted her administrative
10  remedies, she also fails to allege with particularity the circumstances entitling her to equitable
11  tolling.  *See* Doc. #1.  In both regards, the Court finds Bailey's Complaint to be deficient.
12  Moreover, contrary to Bailey's apparent assertion, it is not Arvato's burden at this stage in the
13  proceedings to make a showing of actual or potential prejudice to challenge the availability of
14  equitable tolling.  Rather, it is Bailey's burden to allege that she complied with the statutory time-
15  filing prerequisites or that her failure to comply is excused because she is entitled to equitable
16  tolling.  Accordingly, the Court shall dismiss Bailey's Complaint for failure to state a claim
17  pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the event Bailey avails herself of the
18  opportunity to file an amended complaint, the Court further directs her to state in a separate count
19  each claim founded on a separate transaction or occurrence in compliance with Federal Rule of
20  Civil Procedure 10(b).

21       IT IS THEREFORE ORDERED that Arvato's Motion to Dismiss (Doc. #5) is GRANTED.
22  Bailey's Complaint against Arvato shall be DISMISSED without prejudice.

23       IT IS SO ORDERED.
24       DATED this 7th day of March, 2014.

25
26                                        LARRY R. HICKS
                                      UNITED STATES DISTRICT JUDGE