UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |  |
|---|---|---|
| SUSAN BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:13-CV-00363-LRH-WGC |
| v. | ) | |
| | ) | |
| ARVATO DIGITAL SERVICES, LLC, | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendant Arvato Digital Services, LLC's ("Arvato") Motion to Dismiss Plaintiff's Amended Complaint. Doc. #22.[1] Plaintiff Susan Bailey ("Bailey") filed a Response (Doc. #23), to which Arvato replied (Doc. #25).

**I.  Facts and Procedural History**

This is an employment dispute in which Bailey alleges that Arvato denied her request for reasonable accommodation, discriminated against her because of her alleged disability, and discharged her in retaliation for requesting an accommodation, all in violation of the Americans with Disabilities Act of 1990 ("ADA"). *See* Doc. #1, ¶¶ 2-11. Bailey was discharged on August 4, 2011. *See* Doc. #5, Ex. 1, 2.[2] She filed a charge of discrimination with the Equal Employment

---

[1] Refers to the Court's docket number.

[2] The Court shall consider Exhibits 1 and 2 to Arvato's first Motion to Dismiss as the information contained therein is referred to in Bailey's claim (i.e., that she was terminated and that she

Opportunity Commission ("EEOC") on September 30, 2012. *See id.* Thereafter, on July 6, 2013, she commenced this action. Doc. #1. On March 7, 2014, the Court granted Arvato's first Motion to Dismiss (Doc. #5) and dismissed Bailey's Complaint without prejudice. *See* Doc. #19. Therein, the Court determined that Bailey had not carried her burden of alleging that she had complied with the statutory time-filing prerequisites or that her failure to comply was excused because she was entitled to equitable tolling. *See id.* The Court allowed Bailey to file an amended complaint and further directed her to fashion each claim in compliance with Federal Rule of Civil Procedure 10(b). *See id.* On March 31, 2014, Bailey filed an Amended Complaint. Doc. #21. On April 17, 2014, Arvato filed its second Motion to Dismiss, arguing that Bailey's Amended Complaint suffers from the same fatal deficiencies. Doc. #22.

**II.   Legal Standard**

Again, Arvato seeks dismissal of Bailey's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

sent a letter to the EEOC on June 4, 2012, with a declaration, dated May 31, 2012), it is central to Bailey's claim, and Bailey does not contest its authenticity. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (while the scope of review on a motion to dismiss is generally limited to the complaint, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions [its] authenticity").

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.   Discussion**

A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to maintaining an ADA action. *See* 42 U.S.C. § 12117(a) (incorporating the enforcement procedures set forth in 42 U.S.C. § 2000e-5); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). As Arvato correctly avers, while "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," it is a statutory requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-95 (1982). Because the Nevada Equal Rights Commission ("NERC") has the authority to enforce state law that prohibits employment

discrimination on the same basis, an employee must file a charge of discrimination with the EEOC within 300 days of the alleged employment action.[3] *Morgan*, 536 U.S. at 109; 42 U.S.C. § 2000e-5(e)(1); Nev. Rev. Stat. 613.310 *et. seq.*

Nevertheless, because filing a timely charge of discrimination with the EEOC is not jurisdictional and is a requirement like a statute of limitations, it is subject to waiver, estoppel, and equitable tolling. *Zipes*, 455 U.S. at 393. Generally, a plaintiff seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary* circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) (emphasis added). The standard of due diligence does not require a plaintiff to engage in a relentless pursuit of every potential relief, rather a reasonable effort under their particular circumstances. *See Kwai Fun Wong v. Beebe*, 723 F. 3d 1030 (9th Cir. 2013). Still, it is incumbent upon the plaintiff to allege facts that would give rise to equitable tolling. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff bears the burden of alleging facts which give rise to tolling and this burden "does not arise only after a motion to dismiss; rather the plaintiff 'must plead with particularity the circumstances'" giving rise to equitable tolling *in the complaint*) (quoting *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978)).

Once again, Bailey failed to sufficiently allege that she exhausted her administrative remedies or that her failure to do so is justified by circumstances entitling her to equitable tolling. *See* Doc. #21. In both regards, the Court finds Bailey's Amended Complaint to be deficient. In lieu of following the Court's instructions, Bailey asserts that the date on which she filed her formal charge of discrimination, September 30, 2012, relates back to the date of her initial intake declaration, May 31, 2012. *See* Doc. #23, p. 2; *see also* Doc #5, Ex. 2. However, Bailey fails to

---

[3] The Court assumes for purposes of this Order that Bailey also filed a charge of discrimination with the NERC, thereby entitling her to the 300-day filing period. In the event Bailey did not file a charge of discrimination with the NERC, she is only entitled to a 180-day filing period. *See Morgan*, 536 U.S. at 109.

present any authority in support of the proposition that an EEOC charge of discrimination relates back to the date on which she signed her intake declaration. The authority to which Bailey refers, *Edelman v. Lynchburg*, 533 U.S. 106 (2002), simply does not support her position. Rather, *Edelman* stands for the proposition that it is permissible for "an *otherwise timely filer* to verify a charge after the time for filing has expired." *Id.* at 109 (emphasis added). Here, Bailey's initial contact with the EEOC occurred, at the earliest, on June 4, 2012, when she indicated to the EEOC her intent to file a charge. *See* Doc. #5, Ex. 2. Even if the Court were to consider her June 4, 2012 letter a "charge" filed with the EEOC, it is not otherwise timely. Accordingly, Bailey's relation-back argument fails.

Moreover, even if Bailey had asserted equitable tolling as a basis on which to excuse her untimely filing, the facts as pled indicate that she would not be entitled to the same. Bailey alleges she was denied a reasonable accommodation and eventually discharged because of an alleged disability. *See* Doc. 21 ¶ 10. As such, she was undoubtedly aware of the facts giving rise to a reasonable accommodation claim at the time her accommodation request was denied and the facts giving rise to a discriminatory discharge claim at the time of her discharge. Because Bailey possessed all of the information needed to file a charge of discrimination, and there is no indication that any extraordinary circumstances prevented her from pursuing her claim diligently, the Court finds that she would not be entitled to tolling. Accordingly, the Court shall dismiss Bailey's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Although leave to amend is generally granted, it is appropriate to deny a request to amend a complaint where the proposed amendment would be futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, Bailey failed to comply with the Court's explicit instructions in two regards: (1) she failed to allege any legally plausible basis on which to excuse her untimely EEOC filing, and (2) she failed to state in a separate count each claim founded on a separate transaction or occurrence as required by Federal Rule of Civil Procedure 10(b). Moreover,

5

the facts as pled indicate that she would not be entitled to equitable tolling.  As such, the Court finds that any further opportunity to amend would be futile and create undue delay.  Accordingly, Bailey's Amended Complaint shall be dismissed with prejudice.

IT IS THEREFORE ORDERED that Arvato's Motion to Dismiss (Doc. #22) is GRANTED.  Bailey's Amended Complaint against Arvato (Doc. #21) shall be DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 10th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE